UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VANGIE NAVARRO,

        Petitioner,

v.

SUPT. TIMOTHY MCCARTHY,

        Respondent.

**DECISION AND ORDER**

20-CV-6094 EAW

---

*Pro se* petitioner Vangie Navarro ("Petitioner") is an inmate in the custody of the New York State Department of Corrections and Community Supervision who is currently housed at Upstate Correctional Facility. Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. 1)[1]. Respondent Supt. Timothy McCarthy filed a response to the petition on June 1, 2020 (Dkt. 13), and Petitioner filed a reply on July 1, 2020. (Dkt. 16).

Petitioner thereafter filed two motions. First, on July 1, 2021, he filed a motion seeking immediate release from imprisonment, on the basis that two of his state court convictions for criminal sale of marijuana in the third degree and criminal sale of marijuana in the fourth degree had been vacated and expunged. (Dkt. 17). Respondent filed a

---

[1] The petition was originally filed in the United States District Court for the Northern District of New York. (Dkt. 1). It was transferred to this District on February 13, 2020. (Dkt. 8).

response to this motion on July 13, 2021 (Dkt. 19), and Petitioner filed a reply on July 28, 2021 (Dkt. 20).

Second, on November 22, 2021, Petitioner filed a document entitled "motion to consolidate." (Dkt. 22). It is difficult to parse the relief Petitioner is seeking via this motion, but it appears that he wishes to interpose a new claim regarding the legal impact of the expungement of the marijuana convictions described above. Respondent filed a response to this motion on December 14, 2021. (Dkt. 24).

Petitioner's motions are hereby denied. To the extent he is seeking immediate release pending the resolution of his petition, district courts have the limited authority to grant bail to habeas petitioners in "special cases." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001). As one court in this Circuit has explained:

> Courts consider three factors in determining whether the *Mapp* standard is met: (1) whether substantial claims are set forth in the habeas corpus petition; (2) whether the petitioner has demonstrated a likelihood of success on the merits of his or her petition; and (3) whether there are extraordinary circumstances attending the petitioner's situation which would require release on bail in order to make the writ of habeas corpus effective.

*Arana v. Barr*, No. 19 CIV. 7924 (PGG), 2020 WL 1659713, at *3 (S.D.N.Y. Apr. 3, 2020) (quotation omitted). Petitioner has made no showing that the instant action satisfies the relevant criteria and there is no basis for the Court to release him on bail while his petition remains pending.

To the extent Petitioner is seeking to assert new claims, he must file an appropriate motion for leave to amend that attaches a proposed amended petition. *See* L. R. Civ. P. 15(a) ("A movant seeking to amend or supplement a pleading must attach an unsigned copy

of the proposed amended pleading as an exhibit to the motion. The proposed amended pleading must be a complete pleading superseding the original pleading in all respects. No portion of the prior pleading shall be incorporated into the proposed amended pleading by reference."). In the absence of such a submission, the Court is unable analyze the viability of Petitioner's proposed amendments.

Accordingly, the Court denies Petitioner's motion for immediate release (Dkt. 17) and motion to consolidate (Dkt. 22). The Court will issue a decision on the petition in due course.

SO ORDERED

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: January 21, 2022
       Rochester, New York